UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNARD GARBIN HARBIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>OSCAR AVILES,<br><br>　　　　Respondent. | Civil Action No. 15-1659 (MCA)<br><br>MEMORANDUM OPINION |

This matter has come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2241, challenging his detention. It appearing that:

　　　1.　　Petitioner has been in the custody of the United States Immigration and Customs Enforcement ("ICE") since January 12, 2012. (ECF No. 5-1, Deportation Officer John Carey Decl. ("Carey Decl.") attached as Ex. A, at ¶ 4.) On October 31, 2013, Petitioner was ordered removed from the United States.[1] (*Id.* at ¶29; *see also* Removal Order attached as Ex. B.) Petitioner appealed the Removal Order to the Board of Immigration Appeals (the "Board") and the Board denied his motion and dismissed his appeal on April 24, 2014. (*Id.*, Ex. A, ¶33; *see also* Board's Decision and Order attached as Ex. C.)

　　　2.　　On May 2, 2014, Petitioner filed a petition for review with the Second Circuit Court of Appeals, which remained pending at the time Petitioner filed the instant habeas petition on

---

[1] Petitioner was previously ordered removed from the United States on May 23, 2012. (Carey Decl. at ¶ 13.) After his appeal was dismissed by the Board, Petitioner moved to reopen proceedings with the Board following the vacatur of his 1984 conviction for possession of marijuana, and that motion was granted on December 12, 2012. (*Id.* at ¶¶ at 14-18.) The matter was remanded to the Immigration Court. (*Id.*) His applications for relief were denied by the Immigration Court on October 31, 2013. (*Id.* at ¶¶ 19-29.)

March 6, 2015. (*See Harbin v. Lynch*, Second Circuit Court of Appeals, No. 14-1433; *see also* ECF No. 5-4 (Docket Sheet).) The government had filed a motion for summary disposition. (*Id.*) Two additional motions were pending at the Second Circuit: Petitioner's motion to proceed *in forma pauperis* and his motion for stay of removal. (*See id.*)

3. Pursuant to an Order entered by this Court (ECF No. 3), Respondent filed an Answer to the Petition on May 27, 2015. (ECF. Nos. 4-5.) In the Answer, the government analyzed Petitioner's continued detention under 8 U.S.C. § 1231, and reasoned that Petitioner's then-pending Second Circuit petition and motion "are likely to be ruled on any day now[,] [t]hus[] allowing Petitioner's removal to move forward within the reasonably foreseeable future." (ECF No. 4, Br. at 5.)

4. Petitioner, through counsel, thereafter filed a Reply on June 29, 2015. (ECF No. 6.) Subsequently, on July 8, 2015, counsel for Petitioner notified the Court that "on June 6, 2015, the Second Circuit issued an order in Mr. Harbin's case denying the Government's motion for summary disposition, and granting Mr. Harbin's motions for a stay of removal and for permission to proceed *in forma pauperis*." (ECF No. 8.) Counsel for Petitioner argued that, given the stay and the briefing schedule set by the Second Circuit, Petitioner's removal was no longer reasonably foreseeable. (*See id.*)

5. On July 31, 2015, the Court ordered supplemental briefing to address the effect of these recent rulings on Petitioner's continued detention. (ECF No. 9.)

6. On August 13, 2015, Respondents filed a letter response which acknowledged that, by virtue of the stay of removal entered by the Second Circuit, Petitioner is now detained pursuant to 8 U.S.C. 1226, *see Leslie v. Attorney Gen.*, 678 F.3d 265, 270 (3d Cir. 2012), and that his detention is governed by the Third Circuit's recent decision in *Chavez-Alvarez v. Warden*

*New York Cty Prison*, 783 F.3d 469 (3d Cir. 2015). In *Chavez-Alverez*, the Third Circuit reiterated that the Due Process Clause limits the government's authority under 1226(c) to detain criminal aliens without bond and held that "beginning sometime after the six-month timeframe considered by *Denmore* [*v. Kim*, 538 U.S. 510, 528-29 (2003)] and certainly by the time *Chavez-Alvarez* had been detained for one year, the burdens to *Chavez-Alverez's* liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 477-78 (noting that the reasonableness of the government's conduct and the bona fides of Chavez-Alvarez's challenges mattered in determining the tipping point for the reasonableness of his detention). Here, the government has conceded that "[i]n this case, based on the current facts, the United States does not believe this matter can be meaningfully distinguished from that in *Chavez Alverez*."[2] (ECF No. 10.) The government has further stated that "[b]ased on the facts and procedural posture of this case as it now stands, the United States withdraws it prior objections to the Petition." Citing to 8 CFR § 1003.19(c), the United States

---

[2] The Third Circuit found that neither the government nor *Chavez-Alverez* had caused any extraordinary delays in the proceedings and that both had acted in good faith. *Id.* at 477. As explained by the Third Circuit, "[t]he most important consideration for [determining good faith] is whether an alien challenges aspects of the Government's case that presented real issues, for example: a genuine factual dispute; poor legal reasoning; reliance on a contested legal theory; or the presence of a new legal issue." *Id.* at 477. In the instant case, the government does not argue that Petitioner's challenges to his removal were made in bad faith. Indeed, they have conceded that the Petitioner's facts are not meaningfully distinguishable from those in *Chavez Alvarez* and have withdrawn their prior objections to his petition. As such, the Court notes only that Petitioner's arguments in favor of his eligibility for relief appear bona fide and are premised on the argument that his conviction for criminal sale of a controlled substance is not an aggravated felony based on the Supreme Court's recent decision in *Mellouli v. Lynch*, __ U.S. __, 135 S.Ct. 1980 (June 1, 2015). (*See* ECF No. 6, Reply at 2-3.) The Court also notes that the Second Circuit has granted Petitioner a stay, which requires at least some showing of a likelihood of success on the merits. *See, e.g., Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (explaining criteria to obtain a stay of deportation, including success on the merits and irreparable injury if the stay denied).

contends that "the proper form of relief is to remand the matter to the Immigration Court and order a bond hearing for Petitioner." (*Id.*)

7. In light of the government's concession and it withdrawal of its objections to the Petition and the Court's own independent review of the record and the submissions of the parties, the Court finds that Petitioner's continued mandatory detention, pursuant to 8 U.S.C. § 1226(c), is no longer reasonable under the circumstances of this case. Accordingly, the Court grants the Writ of Habeas Corpus and directs that an Immigration Judge provide Petitioner with an individualized bond hearing to determine with an "whether detention is still necessary to fulfill the statute's [§ 1226(c)] purposes," *Leslie v. Attorney Gen.*, 678 F.3d at 270–71 (internal quotation marks omitted), within 10 days of the date of the entry of Order accompanying this Memorandum Opinion.

_____
Madeline Cox Arleo, U.S.D.J.

Date: 9/11/15, 2015